**NOT RECOMMENDED FOR PUBLICATION**
File Name: 09a0661n.06

No. 08-3427

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| EILEEN L. KOSLOSKI, Administratrix for the Estate of Daniel Kosloski, Deceased, | ) ) ) ) | |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | ) ) ) | |
| DAN DUNLAP, LAKE COUNTY, OHIO, ANN TAKACS, CAROLYN BARBISH, DR. CARLA BASTER, and SEVEN UNKNOWN DEFENDANTS, | ) ) ) ) ) | |
| Defendants-Appellees. | | |

Before: SILER, MOORE, and GRIFFIN, Circuit Judges.

**SILER, Circuit Judge**. Eileen Kosloski appeals the district court's grant of summary judgment in favor of Dan Dunlap, Anne Takacs, Carolyn Barbish, Dr. Carla Baster, and Lake County, Ohio (collectively "Defendants"), on her deceased son's 42 U.S.C. § 1983 claims. We review the district court's order granting summary judgment de novo. *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Finding no constitutional violation, we affirm the judgment of the district court.

A federal civil rights claim requires (1) that the conduct at issue be under color of state law and (2) that the conduct cause a deprivation of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. Defendants concede that, at all time pertinent to this suit, they

were acting under color of state law. Eileen Kosloski alleges that Defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment through their deliberate indifference to Daniel Kosloski's serious medical needs during his time as a prisoner at the Lake County Jail.

"[D]eliberate indifference to the serious medical needs of a prisoner constitutes 'the unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citing *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). An Eighth Amendment claim has objective and subjective components. The objective component requires a prisoner to show that his medical need was "sufficiently serious." *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component requires the prisoner to demonstrate that the official being sued had "a sufficiently culpable state of mind in denying medical care." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). A prison official cannot be found liable under the Eighth Amendment for deliberate indifference to a prisoner's serious medical needs unless at the time of the conduct: (1) the official is aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) the official actually draws the inference. *Farmer*, 511 U.S. at 837.

Negligence, including medical malpractice, does not rise to the level of a constitutional tort simply because the victim is a prisoner. *Estelle*, 429 U.S. at 106. When medical professionals provide treatment, albeit carelessly or inefficaciously, to a prisoner, they have "not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *See Comstock*, 273 F.3d at 703.

No. 08-3427
Kosloski v. Dunlap, et al.,

Eileen Kosloski's claims against Takacs arise out of her son's request for medical attention on April 1, 2005. In the written request for medical attention, Daniel Kosloski informed Takacs, a registered nurse, that he had blood in his stool and that he had "antartice" [sic]. Takacs met with Daniel Kosloski that same day. She ascertained that Daniel Kosloski believed that he had endocarditis. Daniel Kosloski explained that he thought he had the infection because he and his girlfriend, who was being treated for infective endocarditis, shared needles while injecting heroin together, and one of her doctors had told him that he should be tested for the infection. Daniel Kosloski, however, did not have symptoms of endocarditis, and he indicated that he had never been diagnosed or treated for the infection. Finding Daniel Kosloski's outward appearance and skin to be normal, Takacs returned him to the range, without further examination or referral to the jail doctor. The meeting lasted approximately two minutes and concluded with Takacs telling Daniel Kosloski to "quit wasting my time."

Because the parties do not dispute that endocarditis is an objectively serious condition, Takacs's subjective mental state is the determinative issue. Takacs decided not to refer Daniel Kosloski for further examination because she thought he did not have endocarditis. She made this assessment because of Daniel Kosloski's lack of symptoms, past diagnosis, or previous treatment for endocarditis. Takacs may have been negligent in failing to conduct a physical examination or refer Daniel Kosloski to the jail doctor, but negligence is insufficient to support an Eighth Amendment violation. *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008). Because Takacs did not appreciate that a substantial risk of serious harm existed, she cannot be held

personally liable, under the Eighth Amendment, for failing to diagnose and treat Daniel Kosloski's serious medical needs. *See Farmer*, 511 U.S. at 837.

Eileen Kosloski's claims against Barbish arise out her son's three additional requests for medical attention during his term of imprisonment. On April 11, 2005, Daniel Kosloski requested a dentist appointment because of a broken tooth. On April 21, 2005, he requested that he be given Motrin rather than Tylenol for his toothache, and, on May 24, 2005, he complained of fever and vomiting. Barbish, a certified licensed practical nurse, responded promptly and in a reasonable manner to each of these requests for medical attention from Daniel Kosloski.

However, Barbish had no reason to believe Daniel Kosloski had a serious medical condition. He did not mention to her the possibility that he had been exposed to endocarditis. Takacs did not communicate with Barbish about her visit with Daniel Kosloski, and there is no evidence that Barbish learned about Daniel Kosloski's heightened risk of exposure to endocarditis from reviewing his medical file. Barbish may have been negligent in failing to review Daniel Kosloski's medical file, but negligence is insufficient to support an Eighth Amendment violation. *Ford*, 535 F.3d at 495. Therefore, she was not deliberately indifferent to his serious medical needs. *See Farmer*, 511 U.S. at 837.

Eileen Kosloski has forfeited her appeal of her § 1983 claims against Baster, the head of the medical department at the Lake County Jail, and Dunlap, the Lake County Sheriff, because her appellate brief gives only cursory treatment of those claims. *See United States v. Sandridge*, 385 F.3d 1032, 1035 (6th Cir. 2004). Moreover, they are without merit. Eileen Kosloski's claims against Baster and Dunlap are based on their respective supervisory positions. However, "[b]ecause

§ 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun County*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). Neither Baster nor Dunlap had any level of personal involvement in responding to Daniel Kosloski's requests for medical attention or actual knowledge of his heightened risk of exposure to endocarditis. Therefore, they cannot be held personally liable, under the Eighth Amendment, for failing to meet Daniel Kosloski's serious medical needs. *See id.*

There is likewise no substance to Eileen Kosloski's municipal liability claims against Lake County, Ohio, which are based on a theory of respondeat superior that has been squarely rejected by the Supreme Court. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Moreover, the policy Eileen Kosloski identified as the basis for her municipal liability claims–the use of nurses to triage inmate requests for medical care–has been previously upheld by this court in *Graham v. County of Washtenaw*, 358 F.3d 377, 384 (6th Cir. 2004) (finding that it is not unconstitutional for municipalities and their employees to rely on the medical judgments made by medical professionals, including nurses, responsible for prisoner care). In addition, there is no evidence that the alleged failure to meet Daniel Kosloski's medical needs was anything other than an isolated incident. *See City of Canton v. Harris*, 489 U.S. 378, 391(1989) (noting that there can be no municipal liability where "an otherwise sound program has occasionally been negligently administered"). Indeed, Eileen Kosloski's counsel conceded that "had the medical personnel at the Lake County Jail followed [their] own written policies and procedures [Daniel] Kosloski's endocarditis would have been appropriately diagnosed and treated before June 2, 2005."

AFFIRMED.

**KAREN NELSON MOORE, Circuit Judge, concurring in part and dissenting in part.**

Because I conclude that, viewing the evidence in the light most favorable to the plaintiff, a trier of fact could reasonably infer that Defendant Takacs demonstrated deliberate indifference to a substantial risk to Daniel Kosloski's serious medical needs, I respectfully dissent.

As the district court acknowledged, there was a fair amount of evidence suggesting that someone in Takacs's position would have known that Kosloski likely had endocarditis. For one, in his affidavit, Kosloski explains that he told Takacs that his girlfriend suffered from the disease and that they shared intravenous needles. This alone should have concerned Takacs given her familiarity with endocarditis and the means by which it spreads. But even if Takacs failed to make this connection, Kosloski explicitly told her that a physician had advised him to get tested for endocarditis.

This, of course, does not provide direct evidence that Takacs consciously disregarded the risk that Kosloski had contracted endocarditis. But plaintiffs asserting Eighth Amendment claims may rely upon "circumstantial evidence" from which the requisite culpable state of mind can be inferred. *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)), *cert. denied*, 537 U.S. 817 (2002). In particular, "'a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *LeMarbe v. Wisneski*, 266 F.3d 429, 436 (6th Cir. 2001) (quoting *Farmer*, 511 U.S. at 842), *cert. denied*, 535 U.S. 1056 (2002). Here, a jury could find that the risk was indeed obvious. After all, it is one thing negligently to overlook a symptom, but it is quite another to ignore a disease that is specifically

identified by a patient and a previous doctor. Under such circumstances, it is difficult for Takacs plausibly to claim that she did not know that Kosloski might be affected by the disease.

Similarly, Kosloski's affidavit indicates that Takacs ended her interview by telling Kosloski to "quit wasting her time." Record on Appeal ("ROA") at 209 (Kosloski Aff. at 4). A jury might understandably find such a statement to be quite callous. Indeed, when combined with the fact that Takacs conducted nothing more than a "visual[] observ[ation]" which did not even involve checking Kosloski's temperature, ROA at 256 (Takacs Dep. at 15), a trier of fact might reasonably conclude that Takacs was deliberately indifferent to a substantial risk to Kosloski's serious medical needs.

The majority summarily concludes, however, that Takacs honestly "thought [Kosloski] did not have endocarditis . . . because of [his] lack of symptoms, past diagnosis, or previous treatment for endocarditis." Maj. Op. at 3. But a reasonable jury might attach little weight to the fact that Kosloski had not yet been diagnosed with or treated for endocarditis. After all, the whole point of his inquiry to Takacs was to determine whether he had endocarditis and then to obtain treatment for it, and for a nurse to respond with nothing more than a cursory examination might very well be found to constitute the kind of deliberate indifference to a serious medical need that the Eighth Amendment prohibits.

Of course, the majority may be right that Takacs had only the best intentions, and if they were acting as the trier of fact they would be free to reach this conclusion. But the majority provides little explanation as to why a different inference might not be equally reasonable, and I can find none. Therefore, I would reverse the district court's judgment with respect to Defendant Takacs and remand for further proceedings. I respectfully dissent.